United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. |
| JAMES PATTERSON, | ) | 14-10352-NMG |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In November, 2015 Defendant James Patterson ("Patterson" or "defendant") was tried by a jury on five counts of bank robbery and one count of attempted bank robbery under 18 U.S.C. § 2113(a).  After the close of the government's case-in-chief, this Court entered a judgment of acquittal on the attempted bank robbery charge, holding as a matter of law that the government had not presented evidence sufficient to sustain a conviction. The remaining counts of bank robbery were sent to the jury, which convicted Patterson on all five counts.  The memorandum that follows explains the reasoning for the Court's judgment of acquittal on the attempted bank robbery charge.

I. **Background**

On December 4, 2014 Patterson was indicted on charges related to a string of bank robberies carried out in a number of cities and towns in the greater Boston area between April and

July, 2014. Defendant was charged with six counts: 1) robbery of a Beverly Bank branch in Beverly, Massachusetts on April 16, 2014 in the amount of $10,740; 2) robbery of a People's United Bank branch in Beverly, Massachusetts on May 10, 2014 in the amount of $5,936; 3) robbery of a Century Bank branch in Somerville, Massachusetts on June 4, 2014 in the amount of $4,350; 4) robbery of a South Shore Bank branch in Stoughton, Massachusetts on June 12, 2014 in the amount of $6,790; 5) robbery of a North Shore Bank branch Salem, Massachusetts on July 20, 2014 in the amount of $7,055 and 6) attempted robbery of a Century Bank branch in Burlington, Massachusetts on August 4, 2014.

Based on multiple witness reports and surveillance footage of a black Volvo leaving the scene of the robberies, law enforcement officers had identified a car used by Patterson through a license plate search of the Registry of Motor Vehicles database. In late July, 2014 officers obtained a warrant to place a GPS tracking device on the black Volvo. They also obtained a warrant to place a GPS tracking device on another car after officers observed a person remove the license plate from the black Volvo and place it on the second car. The tracking information from those devices led the government to conduct surveillance of Patterson. During one instance of such surveillance on August 4, 2014, the government arrested

Patterson as he was in the process of committing the acts for which he was charged with attempted bank robbery.

At trial, the government presented surveillance video from August 4, 2014 showing a person walking up and down a street near a Century Bank branch in Burlington, Massachusetts. The video showed FBI agents in unmarked government vehicles approach the person and arrest him. Testifying FBI agents identified the man they arrested in the video as Patterson. FBI agents also testified that when they arrested Patterson, he was dressed in long pants worn over shorts, long sleeves and transparent latex gloves with his face largely covered by a hat, sunglasses, and something over his mouth. Furthermore, the government presented evidence that FBI agents found a BB gun on Patterson's person at the time of the arrest.

## II. **Judgment of Acquittal**

### A. Legal Standards

#### a. Judgment of Acquittal

After the close of the government's evidence and before charges have been submitted to the jury in a criminal proceeding, a court may, on its own motion, determine that the evidence presented is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). Upon such a determination, the court must enter a judgment of acquittal for the relevant offense. Id. "A defendant is entitled to a judgment of acquittal only if 'the

3

evidence, viewed in the light most favorable to the government, could not have persuaded any trier of fact of the defendant's guilt beyond a reasonable doubt'." United States v. Merlino, 592 F.3d 22, 29 (1st Cir. 2010) (quoting United States v. Bristol-Martir, 570 F.3d 29, 38 (1st Cir. 2009)).

**b. Attempted Bank Robbery**

Patterson was charged with attempted bank robbery under 18 U.S.C. § 2113(a), which states:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

A threshold legal issue in this case stems from the parties' presentation of competing interpretations of the required elements of attempted bank robbery. As the Comments to the revised First Circuit Pattern Criminal Jury Instructions note,

> [t]here is no general federal statute which proscribes the attempt to commit a criminal offense. Thus, attempt is actionable only where a specific criminal statute outlaws both its actual as well as its attempted violation.

Comment 1, 2015 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit


§ 4.18.00 (Aug. 27, 2015) (quoting United States v. Rivera-Sola, 713 F.2d 866, 869 (1st Cir. 1983)).  Nonetheless, statutes criminalizing attempt crimes often fail to define what constitutes an "attempt" at committing the principal crime. Thus, the definition of attempt often must be derived, at least in part, from another source.  The statute defining attempted bank robbery is one example of that situation.

The First Circuit pattern instructions recommend the approach taken by the American Law Institute's Model Penal Code (MPC).  That approach consists of two elements: first, intent to commit the crime and second, engagement in a purposeful act that, under the circumstances as defendant believed them to be, constituted a substantial step toward the commission of the crime. 2015 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.18.00 (Aug. 27, 2015); MPC § 5.01(1)(c).

In its proposed jury instructions, the government requested that the Court define attempted bank robbery as consisting of only those two elements.  Defendant, on the other hand, proposed that the government be required to prove a third element: that Patterson used "force and violence, or . . . intimidation" in his attempt.  That requirement derives from the text of 18 U.S.C. § 2113(a), which begins "[w]hoever, by force and violence, or by intimidation, takes or attempts to take . . . ."

The government argues that "force and violence[] or . . . intimidation" is merely one of three elements of the underlying crime of bank robbery.  To prove attempted bank robbery, therefore, the government purportedly need only establish that the defendant had an intent to perform those three elements and that he took a substantial step toward performing them.  That argument ignores, however, the plain text of 18 U.S.C. § 2113(a).  As the statute is written, "by force and violence, or by intimidation" is inserted between the subject phrase and the verb phrase for both "whoever . . . takes" and "whoever . . . attempts to take."  The statute is worded such that the phrase equally modifies the action entailed by both the principal crime and the attempt crime.  As the Seventh Circuit Court of Appeals has concluded,

> Accordingly, actual force and violence or intimidation is required for a conviction under . . . § 2113(a), whether the defendant succeeds (takes) or fails (attempts to take) in his robbery attempt.

United States v. Thornton, 539 F.3d 741, 747 (7th Cir. 2008).

The First Circuit Court of Appeals has, unfortunately, not yet directly addressed the issue.  The only other district court in the First Circuit to have ruled on the issue similarly found "force and violence[] or . . . intimidation" to be an element of the attempt crime. See United States v. Corbin, 709 F.Supp.2d 156, 160 (D.R.I. 2010).  Two circuit courts have reached the

6

same conclusion. See Thornton, 539 F.3d at 748; United States v. Bellew, 412 F.2d 381, 384 n.4 (8th Cir. 1969).

The government argues that the First Circuit has nonetheless made clear that "force and violence[] or . . . intimidation" is not a required element of attempted bank robbery, citing United States v. Chapdelaine, 989 F.2d 28 (1st Cir. 1993). In that case, the First Circuit found that the government had provided sufficient evidence to sustain an attempted robbery conviction despite the fact that the jury had not been instructed on the "force and threat or intimidation" element and no evidence was presented at trial that force, threat or intimidation had been used. Id. at 33. The issue of whether such an element should be required was, however, not before the Court in that case.

The government also points out that the majority of other circuit courts to have ruled directly on the issue held that no element of "force and violence[] or . . . intimidation" was required. See United States v. Wesley, 417 F.3d 612, 618 (6th Cir. 2005); United States v. Moore, 921 F.2d 207 (9th Cir. 1990); United States v. McFadden, 739 F.2d 149 (4th Cir. 1984); United States v. Jackson, 560 F.2d 112 (2d Cir. 1977). Those courts rested their conclusion largely on three grounds.

First, those courts note that the Model Penal Code definition of attempt includes only the intent and substantial

7

step elements. Of course, MPC § 5.01(1)(c) provides a general definition for attempt, applicable across all manner of attempt crimes. Thus the fact that it does not include an element derived specifically from the statute criminalizing attempted robbery is not surprising.

Second, the other circuits emphasize the need for consistency in the definition of attempt across various crimes. That perspective seems to treat attempted bank robbery as if it were a common law crime, not one made illegal by a specific statutory provision. Third, those cases emphasize the policy objectives of harm prevention and public safety. The Fourth Circuit, for example, opined that including an element of "force and violence[] or . . . intimidation" would create a requirement that

> the lives of the bank employees, the police, any innocent bystanders and the defendants themselves be endangered before an arrest could be made for an attempted robbery.

United States v. McFadden, 739 F.2d 149, 151 (4th Cir. 1984). That policy judgment is not, however, the province of this Court. By wording the statute as it did, Congress made clear that only in situations in which the defendant actually used "force and violence[] or . . . intimidation" would attempted bank robbery be proven.

**B. Application**

With the correct legal standard defined, the application to the facts of this case becomes apparent.  The evidence presented at trial showed that at the time he was arrested on August 4, 2014, Patterson had been walking up and down the street in front of the Burlington branch of the Century Bank for a period of time.  He had not entered the bank.  Nor had he spoken to or otherwise interacted with any bank employee or any other person.  FBI agents had found a BB gun hidden on Patterson's person, but at no point did the video footage show, nor did any testimony assert, that he had removed the BB gun from his clothing, brandished it, aimed it at another person or fired it.  Thus up until the time of his arrest, Patterson had not committed any act or spoken any words that could create the necessary "force and violence[] or . . . intimidation" required to fulfill the third element of attempted bank robbery.

Accordingly, after having reviewed all of the evidence presented at the end of the government's case-in-chief and having carefully considered the correct standard by which the charge was to be evaluated, the Court entered a judgment of acquittal on the attempted bank robbery charge.

**ORDER**

In accordance with the Court's ruling at trial made pursuant to Fed. R. Crim. P. 29(a), judgment of acquittal is formally entered with respect to Count 6 of the indictment.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 1, 2016