UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES PATTERSON )<br>Defendant. ) | Criminal No. 14-10352-NMG |

## PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSET IN PARTIAL SATISFACTION OF MONEY JUDGMENT

**GORTON, D.J.**

WHEREAS, on December 4, 2014, a federal grand jury sitting in the District of Massachusetts returned a six-count Indictment charging defendant James Patterson (the "Defendant"), with Bank Robbery, while on release, in violation of 18 U.S.C. §§ 2113(a), 3147 (Counts One through Five), and Attempted Bank Robbery, while on Release, in violation of 18 U.S.C. §§ 2113(a), 3147 (Count Six);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Six of the Indictment, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on November 23, 2015, after a six-day jury trial, a jury found the Defendant guilty on Counts One through Five of the Indictment;

WHEREAS, at trial, evidence and testimony was admitted regarding the proceeds the Defendant obtained as a result of his offenses, specifically, the representatives of each of the five banks identified in the Indictment testified that the Defendant obtained at least $34,871;

WHEREAS, on March 18, 2016, this Court issued a forfeiture money judgment in the amount of $34,871;

WHEREAS, to date, the Defendant has not paid any money towards satisfaction of the $34,871 money judgment, and the United States has not yet forfeited any property belonging to the Defendant to be used towards satisfaction of the $34,871 money judgment;

WHEREAS, pursuant to the Court's March 18, 2016 Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment against the following property,

    a.    one 1994 black Volvo, bearing vehicle identification number YV1KS9510R0041535, and Massachusetts license plate 353PY1, (the "Vehicle"); and

WHEREAS, the United States requests that the Court enter a preliminary order of forfeiture for the Vehicle identified above, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e)(1)(B).

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Pursuant to the Court's March 18, 2017, Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that the Vehicle is hereby forfeited to the United States of America for disposition pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Vehicle, and to maintain the Vehicle in its secure custody and control.

3. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment and notice of the United States' intent to dispose of the Vehicle.

4. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Vehicle to be forfeited.

5. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Vehicle shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Vehicle; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the

nature and extent of the petitioner's right, title, or interest in the Vehicle, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Vehicle, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Vehicle.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

_____
NATHANIEL M. GORTON
United States District Judge

Date: 9/20/17